UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BROAN-NUTONE LLC,<br><br>Defendant. | Case No. 1:17-cv-00611-DAD-MJS<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AND SANCTIONS IMPOSED FOR FAILURE TO COMPLY WITH COURT RULES**<br><br>**FOURTEEN (14) DAY RESPONSE DEADLINE** |

Defendants initiated this action on April 28, 2017 with the filing of a notice of removal of the case from state court. (ECF No. 1.) On May 1, 2017, Plaintiff's counsel, Robin Genchel, was directed to register for the Court's electronic case management and electronic case filing system, CM/ECF. (ECF No. 6.) This notice requiring such registration was mailed to counsel's address of record. It subsequently was returned as undeliverable on May 15, 2017. To date, it appears that counsel has not registered for CM/ECF or provided the Court with a current address.

A scheduling conference took place on November 9, 2017, and David Pillemer appeared on behalf of Plaintiff. However, Mr. Pillemer is not listed as counsel of record. Due to oversight, the issue of Ms. Genchel's non-compliance was not addressed at the conference.

Local Rule 135(g) provides: "All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear pro hac vice. Admission to practice in the Eastern District of California includes the requirement that the attorney complete an e-filing registration form and receive a username and password."

Local Rule 182(f) requires counsel to keep the Court apprised of a current address: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

Plaintiff's counsel is in violation of both of these requirements.

The Court has authority to dismiss an action for failure to follow court rules. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on this basis, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Based on the foregoing, Plaintiff will be ordered to show cause why monetary or terminating sanctions should not be imposed for failure to comply with Court rules. It is HEREBY ORDERED that:

1. Within fourteen days of the date of service of this order, Plaintiff's counsel shall: (1) register for CM/ECF; (2) provide the Court with a current address; and (3) show cause why sanctions should not be imposed;

2. Failure to comply with this order will result in the imposition of sanctions, including the possibility of terminating sanctions; and

3. The Clerk of Court is directed to serve this order on Plaintiff's counsel at her address of record, and to additionally send the order to counsel by the following means:

    a. By mail to the address provided by the California State Bar: Pillemer & Pillemer, 17835 Ventura Blvd, Suite 204, Encino, CA 91316-3673; and

    b. By email to rgenchel@pillemerlaw.com.

IT IS SO ORDERED.

Dated: November 16, 2017        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

3